**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MANUFACTURERS ALLIANCE  )
INSURANCE COMPANY,    )
             )  Case No. 18-cv-4013
    Plaintiff,     )
             )  Judge Matthew F. Kennelly
  v.          )
             )
ALLERTON CHARTER COACH, INC., )
DENNIS TOEPPEN, and    )
the PEOPLE OF THE STATE OF ILLINOIS )
*ex rel.* LISA MADIGAN, Attorney General )
of the State of Illinois,     )
             )
    Defendants.    )

**DEFENDANTS STATE OF ILLINOIS AND LISA MADIGAN'S**
**MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants the State of Illinois and Lisa Madigan, Illinois Attorney General (collectively, "the "State Defendants"), by their attorney, Lisa Madigan, Illinois Attorney General, submit the following memorandum in support of their motion to dismiss all claims against them.

**INTRODUCTION**

On April 23, 2018, the State of Illinois filed a complaint against Suburban Express, Inc., Allerton Charter Coach, Inc., and Dennis Toeppen (owner of Suburban Express and Allerton), captioned *People of the State of Illinois ex rel. Lisa Madigan v. Suburban Express, Inc., et al.*, No. 1:18-cv-02861 (N.D. Ill.) (the "Underlying Lawsuit"). Complaint (Dkt. 1) ¶ 2. In the Underlying Lawsuit, the State alleges that Allerton and the other defendants have engaged in a "campaign of vicious customer mistreatment, including racial and religious discrimination, compromising protected personal information, online harassment, and other unlawful and unfair business practices." *Id.* ¶ 14. The State alleges that Toeppen and his companies have violated the

1

Civil Rights Act, the Consumer Review Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois Personal Information Protection Act, and the Illinois Human Rights Act. *Id.* ¶ 15. The State seeks declaratory and injunctive relief (including restitution), as well as compensatory and punitive damages, statutory damages, and civil penalties for the various counts. *Id.* ¶ 29.

Plaintiff Manufacturers Alliance Insurance Company ("MAICO") issued two insurance policies to Allerton for the September 1, 2017 to September 1, 2018 period—a commercial general liability policy and a commercial auto policy. *Id.* ¶ 1. Allerton and Toeppen sought insurance coverage from MAICO under its policies in connection with the underlying lawsuit. *Id.* ¶¶ 3, 47. MAICO filed this lawsuit seeking a declaration that it has no duty to defend or indemnify Allerton and Toeppen with respect to the Underlying Lawsuit. *Id.* ¶¶ 1, 4, 48-50. Count I seeks a declaratory judgment that MAICO's business auto policy does not cover the conduct alleged in the underlying complaint, while Count II seeks a declaratory judgment that MAICO's commercial general liability policy does not cover that same conduct. Finally, Count III seeks a declaration that coverage under an insurance policy for the intentional misconduct alleged in the Underlying Lawsuit would be void as against Illinois public policy.

The State is named as a defendant in this case solely because it is the plaintiff in the Underlying Lawsuit. *Id.* ¶ 8. There are no allegations in the Complaint against either the State or the Attorney General. *See generally id.*

While the plaintiff in an underlying tort case is normally an indispensable party in an insurance coverage action, that rule does not apply here because the Eleventh Amendment bars any suit against State without its consent. Moreover, the Attorney General may not be sued in her official capacity because the jurisdictional exception of *Ex parte Young,* 209 U.S. 123 (1908),

applies only to constitutional claims—not contract actions. Even if the State or the Attorney General could be sued in federal court, the Complaint fails to state a claim. Because there are no substantive allegations against either the State or the Attorney General, there is no case or controversy between MAICO and the State Defendants. All claims against the State Defendants should be dismissed accordingly.

## ARGUMENT

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When reviewing the sufficiency of a complaint, the court must accept as true all well-pleaded factual allegations. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.*

## I.     Plaintiffs' Claims against the State and the Attorney General in her Official Capacity are Barred by the Eleventh Amendment.

In the typical insurance coverage action, the claimants against the insured are ordinarily necessary parties to the action. *See, e.g., Flashner Medical Partnership v. Marketing Mgmt, Inc.*, 189 Ill. App. 3d 45, 53-54, 545 N.E.2d 177 (1st Dist. 1989). This rule makes sense: tort claimants generally have interests in the outcome of declaratory judgment actions because a declaration of non-coverage would eliminate a source of funds to pay a judgment in the underlying action. *Id*.

In this case, however, the State is not a typical tort claimant. The Eleventh Amendment provides that a State may not be sued in federal court without its "unequivocally expressed" consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984). The Eleventh Amendment applies with full force against both federal and state-law claims. *Id.* at 98-99, 120-21; *see also Stoner v. Wis. Dep't of Agric.*, 50 F.3d 481, 482-83 (7th Cir. 1995) (holding that

state's decision to indemnify employees does not abrogate Eleventh Amendment immunity).

Because the State has not consented to suit in federal court on contract actions, the Eleventh

Amendment bars any suit against the State.

MAICO has sued the "State of Illinois *ex. rel*. Lisa Madigan, Attorney General of the

State of Illinois." *See* Dkt. 1 caption. However, even if we interpret this to be a suit against the

Attorney General in her official capacity, under *Ex parte Young*, 209 U.S. 123 (1908), the

Eleventh Amendment allows such claims only when plaintiffs seek injunctive relief to prevent

violations of their constitutional rights. The Eleventh Amendment bars state-law claims against

state officials in their official capacities, regardless of the relief sought. *Pennhurst*, 465 U.S. at

121 (holding that "a claim that state officials violated state law in carrying out their official

responsibilities is a claim against the State that is protected by the Eleventh Amendment"); *see*

*also id.*at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a

federal court instructs state officials on how to conform their conduct to state law."); *Mitchell v.*

*Clayton*, 995 F.2d 772, 775 (7th Cir. 1993) ("[W]e may not exercise pendent jurisdiction to

adjudicate claims that state officials are violating state law because such claims are barred in

federal courts by the Eleventh Amendment.").

Plaintiffs may bring a state-law claim against state officials only when the State has

waived its Eleventh Amendment immunity, and it has not done so with respect to any of

Plaintiffs' claims. Federal courts "indulge every reasonable presumption against" a waiver. *MCI*

*Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 338 (7th Cir. 2000). The State's decision to

waive its Eleventh Amendment immunity must be demonstrated by "an unequivocal indication

that the State intends to consent to federal jurisdiction that otherwise would be barred by the

Eleventh Amendment." *Id.* Thus, to the extent that MAICO is suing the Attorney General in her official capacity, those claims must be dismissed as well.

II.     **The State Defendants Should Also Be Dismissed Because There is No Case or Controversy between MAICO and the State Defendants.**

The State and the Attorney General should also be dismissed because of the lack of "case or controversy" between MAICO and the State. *Weinstein v. Edgar*, 826 F. Supp. 1165, 1168 n.2 (N.D. Ill. 1993). Declaratory relief may be obtained only when there is a "substantial controversy[] between parties having adverse legal interests." *Alcan Aluminium Ltd. v. Dep't of Revenue of State of Or.*, 724 F.2d 1294, 1298 (7th Cir. 1984). In this case, MAICO has not alleged that the State or the Attorney General has taken or threatened to take any action against MAICO, nor does MAICO allege that the State has sought coverage under any of MAICO's policies. Accordingly, neither the State nor the Attorney General has caused any injury to the MAICO and there is no case or controversy between MAICO and the State Defendants.

## CONCLUSION

For these reasons, the State of Illinois and Lisa Madigan respectfully request that this Honorable Court grant their motion to dismiss them from the case.

Respectfully submitted,

LISA MADIGAN           By:          /s/ *Sarah H. Newman*
Attorney General of Illinois             Assistant Attorney General
                                         General Law Bureau
                                         100 West Randolph Street, 13th Floor
                                         Chicago, Illinois 60601
                                         (312) 814-6131
                                         snewman@atg.state.il.us

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2018, I electronically filed the foregoing document was filed through the Court's CM/ECF system. Parties of record may obtain a copy through the Court's CM/ECF system.

I further certify that I have mailed a copy of the foregoing document to the following non-CM/ECF participants by U.S. mail on or before August 29, 2018:

Allerton Charter Coach, Inc.                    Dennis Toeppen
c/o James Long, Registered Agent         P.O. Box 17221
411 Clarendon Ct. #103                         Urbana, IL 61803
Savoy, IL 61874

                                              /s/ *Sarah H. Newman*